UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS                                          PLAINTIFF


VS.                                  CIVIL ACTION NO. 3:10CV667TSL-FKB


GLENDA BILES, INDIVIDUALLY,
NATURAL MOTHER OF DAVID BILES,
DECEASED, AND ADMINISTRATRIX OF
THE ESTATE OF DAVID BILES; BEVERLY
GARRETT, INDIVIDUALLY AND NATURAL
SISTER OF DAVID BILES, DECEASED;
PATRICIAL FINNAN, INDIVIDUALLY AND
NATURAL SISTER OF DAVID BILES, DECEASED;
AND MICHAEL LOCKWOOD, INDIVIDUALLY AND
NATURAL BROTHER OF DAVID BILES,
DECEASED                                                    DEFENDANTS


MEMORANDUM OPINION AND ORDER

     In its September 8, 2011 memorandum opinion and order in this

cause, this court denied motions by defendants to dismiss, for Rule

56(f) discovery, and for leave to file a counterclaim and third-

party complaint, and the court denied a motion by defendant Michael

Lockwood to dismiss.  The court reserved ruling on the motion by

plaintiff American Family Life Assurance Corporation (AFLAC) for

summary judgment and on AFLAC's motion to strike the affidavits of

defendants' handwriting expert, Robert Foley, pending a Daubert

hearing.  Subsequent to entry of the court's opinion, defendants

moved for reconsideration, and they separately moved to strike the

affidavit and exclude the testimony of AFLAC's expert forensic

document examiner William Flynn, and for a <u>Daubert</u> hearing on the

admissibility of Flynn's opinions.  On October 28, the court

conducted a <u>Daubert</u> hearing on each side's challenge to the other's

expert's opinion.  Having now considered the memoranda of

authorities and accompanying attachments submitted in support of

the motions to strike and/or exclude, along with the testimony at

the <u>Daubert</u> hearing, the court concludes that defendants' motion to

strike Mr. Flynn's affidavit and exclude his opinions is not well

taken and should be denied, and that the opinions expressed in Mr.

Foley's affidavits are not reliable and should be stricken.

Further, having considered the parties' memoranda of authorities,

together with attachments, on the motion to reconsider, the court

concludes that reconsideration of the opinions set forth in its

September 8, 2011 opinion is not warranted.  Finally, it is

apparent that once Mr. Foley's affidavits are stricken, defendants

have no competent evidence to show that the purported signatures of

David Biles on the AFLAC application and arbitration acknowledgment

form are forgeries; and from this, it follows that AFLAC's motion

for summary judgment on its complaint to compel arbitration should

be granted.

    In its motion for summary judgment, AFLAC produced, among

other exhibits, an insurance application and arbitration

acknowledgment form purportedly executed by defendants' decedent

David Biles, and an affidavit from AFLAC agent Brendan Hammond,

attesting that he sold the subject AFLAC policy to David Biles and that he personally observed David Biles sign both the application and arbitration acknowledgment form using the SmartApp Next Generation electronic signature pad provided to him by AFLAC.  In response to the motion, defendants presented an affidavit from handwriting expert Robert Foley, in which he stated that his opinion, "based on a reasonable professional probability, is that it is probable that the signer of the 'David Biles' signatures appearing on (the known samples of David Biles' signature) did not sign the 'David Biles' signatures appearing on (the application and arbitration acknowledgment form)."  Upon receipt of defendants' response, AFLAC filed a supplemental motion for summary judgment, which included as exhibits (1) an affidavit from David Biles' former employer, Karoline Fitch, stating that David Biles informed her of his decision to purchase the subject AFLAC policy and requested that the premiums for the policy be paid via payroll deduction, to which Ms. Fitch agreed; and (2) a verified expert report from AFLAC's expert forensic document examiner William Flynn, in which he opined that David Biles' signatures on the application and arbitration acknowledgment form, which were recorded via a Topaz electronic signature capture device, were genuine.

    In addition, AFLAC moved to strike Mr. Foley's affidavit, contending his opinion therein was unreliable because it did not take into account the electronic nature of David Biles' signature

3

on the application and arbitration acknowledgment form and was not

based on an accurate representation of the actual signatures as

made on the tablet but was instead based on low resolution images

of the signatures which did not provide sufficient detail for an

accurate analysis or the formation of a reliable opinion as to

authenticity.  Defendants responded with a supplemental affidavit

from Mr. Foley, in which he asserted that in forming his opinion,

he took into consideration that he was examining a photocopy of an

electronic image, and he maintained that the quality of the copy

was not a limiting factor for examination purposes.

 After the court set AFLAC's motion to strike Mr. Foley's

affidavits for a Daubert hearing and shortly before the date

scheduled for the hearing, defendants moved to strike AFLAC's

expert, William Flynn, and for a Daubert hearing on the

admissibility of his opinions.  The court thus expanded the scope

of the originally-scheduled hearing to include defendants' Daubert

challenge to Mr. Flynn's report and proposed testimony.

 "A party seeking to introduce expert testimony must show

'(1) the testimony is based upon sufficient facts or data, (2) the

testimony is the product of reliable principles and methods, and

(3) the witness has applied the principles and methods reliably to

the facts of the case.'"  Smith v. Goodyear Tire & Rubber Co., 495

F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).  It is

clear to the court that defendants have failed to sustain this

burden as to the opinions set forth in Mr. Foley's affidavits.[1]  At

the hearing, in response to a direct inquiry from the court, Mr.

Foley testified that at the time of making his original affidavit

which was presented by defendants in response to AFLAC's summary

judgment motion, he did not take into account the electronic

nature of David Biles' signature on the AFLAC documents because he

was not aware that the questioned signatures provided to him for

analysis had been captured electronically.  He was provided only a

hard copy of the documents for analysis and was not informed as to

the manner in which the signatures on those documents were

obtained.  Mr. Foley testified that in making his supplemental

affidavit, he did take into account that the signatures were

electronically obtained.  However, he stated that at the time of

this affidavit, he still had only hard copies of the electronic

signatures, which he freely admitted was not the best evidence of

the signatures for purposes of analysis.  While Mr. Foley

maintained that he provided the most reliable opinion he could

based on the evidence that was made available to him, he agreed

with AFLAC's expert that the captured signature data would be the

best evidence of the actual signatures on the documents in

---

[1]     The court notes that based on the evidence presented at
the hearing, it is apparent that there exists no basis for
challenge to either witness's *qualifications* to render opinions as
the authenticity of challenged signatures.  The issue for
consideration is the relevance and reliability of their proffered
opinions.

question, and that his opinion therefore was not based on the best available evidence.[2]

Moreover, in his testimony before the court, Mr. Foley took care to emphasize that the opinion set forth in his affidavits, i.e., that it was "probable" that the person who signed the known exemplars, David Biles, did not sign the questioned AFLAC documents, was a "qualified" opinion, meaning that it was based solely on the evidence available to him at the time he rendered his opinion and was subject to modification if the copies of the documents he examined were not representative of the original signature.

Finally, Mr. Foley made clear that his use of the term "probable" in his opinion did not mean that the questioned signatures "more likely that not" were not those of David Biles; rather, he explained that the opinion he formed, based on the evidence available to him, was that there was "a possibility that the signatures could be nongenuine," or put another way, there was "a possibility that (signatures on the AFLAC documents) were not written by the same person" who signed the known exemplars. "Probable," he stated, meant that he found discrepancies between the known and questioned signatures which had not been explained,

---

[2]   In fact, it appears Mr. Foley arguably had access to the captured signature data for the challenged signatures, but was unaware of this due to his unfamiliarity with such data and the format in which it was presented.  The fact is, whether or not it was available to him, Mr. Foley admittedly did not rely on what he acknowledges would have been the best evidence of the challenged signatures.

and meant that he was open to getting more evidence to evaluate whether the questioned signatures were genuine.  As he put it, "A probable opinion begs for additional information, additional examination."

In sum and in substance, Mr. Foley acknowledged that in light of the revelation that the electronic tablet on which Mr. Biles allegedly signed the AFLAC application and arbitration acknowledgment form captured the raw electronic signature data, and that information was available for analysis, then the hard copies on which he based his opinion likely did not provide the most accurate representation of the questioned signatures and were not the best available evidence.  He further did not opine that the questioned signatures more likely than not are not genuine, but only that there was a possibility that they were not genuine. The court thus concludes that Mr. Foley's affidavits, offered by defendants in response to AFLAC's summary judgment motion, are not reliable under applicable Daubert standards and that the motion to strike is therefore well taken.[3]

Unlike Mr. Foley, AFLAC's expert William Flynn based his analysis on a comparison of the signatures created based on the raw captured signature data and the known exemplars of Biles' signature.  Based on that comparison, he identified the signatures

_____

[3]    The court reiterates that Mr. Foley is obviously highly qualified in his field, and would further note that it appreciates his forthrightness in his testimony before the court.

on the AFLAC documents as the signatures of David Biles.  It is manifest from Mr. Flynn's testimony that defendants' challenge to the reliability of Mr. Flynn's opinion is without reasonable basis; and therefore, the motion to strike/exclude will be denied.

In support of their motion to reconsider, defendants claim they have recently come to possess new evidence which bears directly on the credibility of Brendan Hammond, the AFLAC agent who sold the subject policy and whose affidavit was submitted in support of AFLAC's motion for summary judgment.  According to defendants, this new evidence shows that in March 2005, Hammond was previously convicted of carrying a pistol without a permit in Alabama and that he pled guilty to a drug-related felony in Rankin County Circuit Court, a fact which he concealed from the Office of the Mississippi Insurance Commissioner for more than two years. Defendants submit, further, that records from the insurance commissioner appear to indicate that Hammond was not a licensed insurance agent at the time the policy at issue was sold. Finally, they seek reconsideration based on evidence relating to three AFLAC agents in Washington, Georgia and Kansas, respectively, who forged applicants' signatures for the purpose of meeting quotas and receiving commissions.

In the court's opinion, plaintiff has failed to show that reconsideration is warranted.  Hammond's alleged prior convictions are wholly unrelated to the facts of this case and to his conduct

as an insurance agent and have no arguable bearing on the credibility of his affidavit herein and hence do not warrant further discovery of Hammond prior to this court's ruling on AFLAC's summary judgment motion.[4]   The same is true of defendants' putative proof that Hammond was not a licensed agent at the time he sold the subject policies.  Furthermore, as AFLAC notes, the documents presented by plaintiff for the latter proposition show that Hammond was, in fact, licensed to sell insurance at the time the subject policy was sold.  And, in the court's opinion, evidence of forged signatures by three AFLAC agents in other states is irrelevant and inadmissible.  Manifestly, such evidence obviously does not create any implication that Hammond or AFLAC forged David Biles' signature in this case.  For all these reasons, the motion to reconsider with be denied.

     Based on the foregoing, it is ordered that defendants' motion to strike the affidavit or exclude the testimony of William Flynn is denied, and that defendants' motion to reconsider is denied.  It is further ordered that AFLAC's motion to strike the affidavits of Robert Foley is granted, and it is also ordered that AFLAC's motion for summary judgment on its complaint to compel arbitration

---

     [4]   Even without Hammond's affidavit, the court wound find summary judgment in order.  AFLAC has presented Flynn's testimony that the signatures on the application and arbitration acknowledgment form are genuine, as well as testimony from Karoline Fitch that David Biles, in face, purchased the subject AFLAC policy.  Defendants have presented no competent proof to the contrary.

is granted.  Finally, it is ordered that defendants are barred from prosecuting any and all claims against AFLAC and Hammond in the underlying state court action.

SO ORDERED this 3rd day of November, 2011.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE